CITIZENS INSURANCE COMPANY OF AMERICA v
JUNO LIGHTING, INC

Docket No. 220622. Submitted February 7, 2001, at Grand Rapids. Decided
August 24, 2001, at 9:00 A.M.

Citizens Insurance Company of America, as subrogee of a homeowner
whose house was damaged in a fire while insured by Citizens,
brought a tort action for damages in the Kent Circuit Court against
Juno Lighting, Inc., the manufacturer of a lighting fixture in the
house, alleging that the defendant's lighting fixture was defective
and had caused the fire. In the course of discovery, the defendant
learned that an investigator sent by the plaintiff to examine the fire
scene had failed to preserve certain evidence that would have been
helpful to the defendant in defending against the plaintiff's action.
On motion by the defendant and after a hearing, the court, Paul J.
Sullivan, J., dismissed the action, ruling that the spoliation of evi-
dence made a fair trial impossible. The court also awarded the
defendant its witness fees and a motion fee, but denied the defen-
dant's other requests for costs. The plaintiff appealed by delayed
leave granted.

The Court of Appeals *held*:

1. Spoliation of evidence is not an affirmative defense in this
case. The defendant did not waive the issue of spoliation of evi-
dence by not raising it in its answer or in a motion for summary
disposition before the filing of its answer.

2. The trial court did not abuse its discretion in dismissing the
action as a sanction for the plaintiff's failure to preserve evidence.
Before imposing the drastic sanction of dismissal, the trial court
carefully considered lesser sanctions, such as limiting the evidence
the plaintiff could present. The trial court's decision to dismiss the
action in light of its conclusion that a lesser sanction than dismis-
sal would be ineffective was not so palpably and grossly violative
of fact and logic as to constitute an abuse of discretion.

3. The trial court did not abuse its discretion in awarding costs
and witness fees to the defendant. Costs are allowed to the prevail-
ing party. MCR 2.625(A)(1). Witness fees are explicitly authorized
by statute as costs that may be awarded to a prevailing party. MCL
600.2405(1).

Affirmed.

1. ACTIONS — DEFENSES — AFFIRMATIVE DEFENSES.

   Whether a particular ground for dismissal is an affirmative defense is a question of law that is reviewed de novo on appeal (MCR 2.111[F]).

2. EVIDENCE — PARTIES' FAILURE TO PRESERVE EVIDENCE — SANCTIONS.

   A trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation has commenced; dismissal of the action is a drastic sanction that may be imposed after lesser sanctions have been considered and found inadequate; the trial court's imposition of sanctions for a party's failure to preserve evidence is reviewed on appeal for abuse of discretion.

*Denise L. Mitcham & Associates* (by *Christopher K. Cooke*), for the plaintiff.

*Smith Haughey Rice & Roegge* (by *Marilyn S. Nickell Tyree*), for the defendant.

Before: TALBOT, P.J., and SAWYER and MARKEY, JJ.

MARKEY, J. Plaintiff appeals by delayed leave granted from the trial court's orders denying its motion for reconsideration, dismissing its tort claims on the basis of spoliation of evidence, and granting costs and fees to defendant.[1] We affirm.

## I. FACTS

This case arises from a house fire. Plaintiff is an insurance company suing as subrogee of a homeowner whose house was damaged. Defendant is the manufacturer of a lighting fixture implicated in the fire. Observations by the homeowner's fiancée, who was in the house when the fire started, and of the fire

---

[1] Other defendants were involved in the proceedings below, but are not involved in this appeal.

captain sent to investigate, suggested the possibility
that a lighting fixture caused the fire. Shortly after the
fire, plaintiff sent an investigator to the scene. The
investigator took photographs and preserved certain
electrical fixtures that were found in the debris, but
failed to preserve all the fixtures or to note the type
or nature of the wiring system in place at the time of
the fire. Plaintiff's investigator concluded that a light-
ing fixture defendant manufactured caused the fire.
Further, although the investigator called defendant
during the investigation to find out where he could
obtain one of defendant's lighting fixtures,[2] he did not
advise defendant of the fire investigation because
he was afraid defendant would inform its legal
department.

Because the damaged home was repaired shortly
after the fire, it was impossible to reconstruct what
the wiring situation was at the time of the fire. Defen-
dant first learned about the fire and its suspected role
when it was served with the summons and complaint
in this lawsuit over a year after the fire. In its answer,
defendant raised a number of affirmative defenses
pursuant to MCR 2.111(F), but did not list "spoliation
of evidence" as one of them. The case proceeded to
discovery, and each party deposed the other's
experts. Defendant's expert testified that there was
evidence from which viable hypotheses could be for-
mulated of alternate fire causes not involving a defect
in defendant's lighting fixture, but that the way in
which plaintiff had conducted the investigation and
the state in which the evidence had been preserved
made it impossible to test them.

---

[2] The investigator wanted to perform additional tests on the fixture.

Defendant moved for sanctions, including possible dismissal of the case, arguing that while it would do its best to defend the case if its motion were denied, the destruction of the evidence had made it impossible to present defenses it might otherwise have had. For example, defendant suggested that a heat/fan light could have caused the fire, but that because the light was not preserved in the investigation, defendant could not make any determination. Defendant also argued that modification or faulty installation of defendant's fixture, rather than a defect in the product, could have caused the fire, but that failure to preserve the wiring and mounting had made it impossible to determine.

Plaintiff responded that defendant could defend its case on the basis of studies of the investigator's report and that any prejudice could be cured by limiting the evidence each side could introduce, thereby putting the parties in an equal position. Although plaintiff recognized this Court's 1997 decision in *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997), where this Court held that a plaintiff who failed to preserve physical evidence of a tort can face sanctions in ensuing litigation, plaintiff asserted that its failure to inform defendant of the fire or invite it to inspect the scene was in compliance with standard insurance practice at the time of the fire in 1995. Plaintiff also argued that it would be unfair to grant defendant's belated motion for dismissal because had defendant asserted spoliation of evidence as an affirmative defense at the commencement of the litigation, the parties would have saved time and money. Defendant responded that spoliation of evidence is not an affirmative defense; it is a factual circum-

stance of which defendant was not fully aware until discovery was completed, only then could defendant properly move for sanctions.

The trial court allowed the parties an extended motion hearing and extraordinary latitude in presenting their arguments. It did so in order that a record could be established regarding what the defense theories would have been and how the loss of evidence had affected defendant's ability to present those theories. In reaching its decision to dismiss the action, the court described the case as difficult and both sides as having presented persuasive arguments. Moreover, the trial court was aware that defendant had not presented its motion until after discovery and the court was sympathetic to plaintiff's arguments that the delay had caused additional costs. The court also understood that plaintiff might have acted differently had *Brenner, supra,* been decided before the investigation began. The court expressly considered the possibility of limiting the evidence each party could present, but did not believe that this remedy would cure the problem: the difficulty was that defendant had lost entire defenses because plaintiff had allowed important evidence to be destroyed without notifying defendant, even though plaintiff suspected that defendant's light fixture caused the fire. Simply limiting the evidence that could be presented could not rectify this situation. After considering all its options, the court concluded that the case could not be tried fairly. After the court dismissed the action, it awarded defendant expert witness fees and a motion fee, but denied other costs that defendant sought. This Court subsequently granted plaintiff leave to bring a delayed appeal.

## II. WHETHER SPOLIATION OF EVIDENCE
### IS AN AFFIRMATIVE DEFENSE

Plaintiff asserts that the trial court erred in allowing defendant to raise an unpleaded affirmative defense. We disagree. Whether a particular ground for dismissal is an affirmative defense under MCR 2.111(F) is a question of law that is reviewed de novo on appeal. See *Stanke v State Farm Mut Automobile Ins Co*, 200 Mich App 307, 311-316; 503 NW2d 758 (1993).

An affirmative defense must be stated in a party's responsive pleading or in a motion for summary disposition made before the filing of a responsive pleading, or the defense is waived. MCR 2.111(F)(3); *Chmielewski v Xermac, Inc*, 216 Mich App 707, 712; 550 NW2d 797 (1996), aff'd 457 Mich 593; 580 NW2d 817 (1998). Although the listing of affirmative defenses is non-exclusive in MCR 2.111(F)(3), *Campbell v St John Hosp*, 434 Mich 608, 616; 455 NW2d 695 (1990), the court rule lists such examples as contributory negligence, the existence of an agreement to arbitrate, assumption of risk, payment, release, satisfaction, discharge, license, fraud, duress, estoppel, statute of frauds, statute of limitations, immunity granted by law, and want or failure of consideration. Further, this Court has explained the nature of affirmative defenses by stating that an affirmative defense "does not controvert the plaintiff's establishing a prima facie case, but . . . denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings. . . . For example, the running of the statute of limitations is an affirmative defense." *Stanke, supra* at 312. In addition, "[a]n affirmative defense presumes liability by definition."

*Rasheed v Chrysler Corp*, 445 Mich 109, 132; 517 NW2d 19 (1994).

We conclude that defendant's claim of spoliation of evidence is not an affirmative defense required to have been pleaded in defendant's responsive pleading. First, we have found no cases in Michigan recognizing spoliation of evidence as an affirmative defense. Further, the fact that evidence was spoiled did not in itself defeat plaintiff's right to recovery as a matter of law. Rather, only when all the evidence in the case was examined in light of the facts elicited in discovery was it determined that the spoliation would put defendant at a serious disadvantage in presenting its defense. Moreover, because defendant has offered a cogent reason for not having raised the spoliation issue earlier, it would be inequitable to bar defendant from raising the spoliation issue on the ground that it was not raised as an affirmative defense. The fact is, defendant did not realize that the destruction of the evidence would prevent it from defending itself until after it deposed plaintiff's experts. It then filed its motion shortly after the depositions were completed. The motive for delay was in keeping with the same consideration of judicial economy that would require pleading a clear affirmative defense at the outset of litigation.

### III. DISMISSAL OF THE CASE

Plaintiff also asserts that the trial court's dismissal of its complaint because it destroyed evidence was improper. We disagree. A trial court's imposition of sanctions for failure to preserve evidence will be reversed "only upon a finding that there has been a clear abuse of discretion." *MASB-SEG Property/*

*Casualty Pool, Inc v Metalux*, 231 Mich App 393, 400; 586 NW2d 549 (1998).

In *Brenner, supra* at 160, this Court stated:

> In cases involving the loss or destruction of evidence, a court must be able to make such rulings as necessary to promote fairness and justice. To deny the courts the power to sanction a party in such circumstances would only encourage unscrupulous parties to destroy damaging evidence before a court order has been issued. Furthermore, regardless of whether evidence is lost as the result of a deliberate act or simple negligence, the other party is unfairly prejudiced because it is unable to challenge or respond to the evidence even when no discovery order has been violated. We hold, therefore, that the trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation has commenced. [Citation omitted.]

With regard to dismissing an action as a sanction against a party who has failed to preserve evidence, this Court has stated:

> Dismissal of a case is a drastic step. Before imposing such a sanction, the trial court must consider lesser sanctions such as the exclusion of evidence that is unfairly prejudicial to defendants because of plaintiff's failure to preserve the evidence. [*MASB-SEG, supra* at 401.]

In the present case, only after the trial court carefully considered the possibility of lesser sanctions did it decide that lesser sanctions would not remedy the harm plaintiff caused by failing to preserve the evidence. The court determined that even if it were to limit the evidence that could be presented, defendant had already been completely prejudiced in raising defenses it might have had had the fire scene been

preserved. The court adopted by reference defense counsel's notice of its theories that certain electrical fixtures other than those defendant made could have been responsible for the fire and that because these fixtures were not preserved and examined, no one could ever know. The court found the dilemma resulting from the destroyed evidence could not be remedied simply by limiting testimony about the evidence that was preserved or by restricting experts' opinions based on this evidence. This situation had deprived defendant of the "fair playing field" to which it was entitled were the trial to be conducted fairly. In short, the court found that no fair trial could be conducted regardless of how the court limited the introduction of evidence.

In drawing its conclusion, the trial court applied the correct legal standard by first considering lesser sanctions to cure the defect before dismissing the case. *MASB-SEG, supra.* The trial court expressed regret for applying such a drastic remedy, especially at such a late stage in the proceedings, but determined that such a remedy was warranted in this case. While it can be argued that the trial court could, or should, have imposed a lesser remedy than dismissal, that is not the perspective that this Court must take. Whether the trial court abused its discretion is the standard of review that we must apply. As our Supreme Court recently stated,

[a]n abuse of discretion involves far more than a difference in judicial opinion. It has been said that such abuse occurs only when the result is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or

bias." [*Dep't of Transportation v Randolph*, 461 Mich 757, 768; 610 NW2d 893 (2000), quoting *Alken-Ziegler v Waterbury Headers Corp*, 461 Mich 219, 227-228; 600 NW2d 638 (1999) (citations omitted).]

Here, the trial court undertook a reasoned, dispassionate, and lengthy analysis of the parties' arguments; it did not clearly abuse its discretion. *MASB-SEG, supra* at 400; *Brenner, supra.* The court properly considered imposing a lesser sanction, decided that doing so would be ineffective, and only then reluctantly imposed the sanction of dismissal. The court's analysis, including the consideration of a lesser sanction before its decision to dismiss the case, comported with the legal standard, was not palpably and grossly violative of fact and logic, and was not a clear abuse of discretion.

### IV. AWARD OF COSTS AND FEES TO DEFENDANT

Finally, plaintiff argues that the trial court improperly awarded costs and expert witness fees to defendant after granting dismissal. We disagree. This Court reviews an award of costs for an abuse of discretion. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 518; 556 NW2d 528 (1996), aff'd 458 Mich 582; 581 NW2d 272 (1998); *Ullery v Sobie*, 196 Mich App 76, 82-83; 492 NW2d 739 (1992).

Generally, costs are allowed to the prevailing party. MCR 2.625(A)(1); *Ullery, supra* at 82. In order to be considered the prevailing party, defendant was required to show at the very least that its position was improved by the litigation. *Ullery, supra.* Further, witness fees are explicitly authorized by statute

as costs that may be awarded to a prevailing party. MCL 600.2405(1).

Plaintiff's assertion that it is difficult to determine which of defendant's costs are tied to issues on which it prevailed is irrelevant. Defendant did not prevail merely on one or two issues; rather, it prevailed on the entire lawsuit inasmuch as the lawsuit was dismissed. Contrary to plaintiffs' argument, which followed defendant's lengthy presentation at the hearing, the trial court was familiar with the witnesses' testimony.[3] The trial court did not abuse its discretion in awarding costs and witness fees to defendant.

We affirm.

---

[3] Defense counsel's presentation at the hearing covered about forty-five pages of transcript and was replete with detailed references and page citations to deposition transcripts regarding the expert witnesses' testimony.