# STATE OF MICHIGAN

# COURT OF APPEALS

RIADH FEZZANI,

       Plaintiff-Appellee,

v

ANTONIO VILLAGOMEZ and JORGE ROJO,

       Defendants,

and

GRANGE INSURANCE COMPANY OF
MICHIGAN,

       Defendant-Appellant,

and

CHEROKEE INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
October 10, 2017

No. 331580
Wayne Circuit Court
LC No. 13-011726-NI

---

RIADH FEZZANI,

       Plaintiff-Appellant,

v

ANTONIO VILLAGOMEZ, JORGE ROJO,
GRANGE INSURANCE COMPANY OF
MICHIGAN, and CHEROKEE INSURANCE
COMPANY,

       Defendants-Appellees.

No. 331751
Wayne Circuit Court
LC No. 13-011726-NI

---

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

-1-

PER CURIAM.

These consolidated appeals arise from the same lower court file. In Docket No. 331580, defendant Grange Insurance Company of Michigan (Grange) appeals as of right a stipulated order of dismissal. In Docket No. 331751, plaintiff appeals as of right the same order. In their respective appeals, Grange and plaintiff each challenge aspects of an earlier order denying Grange's motion for summary disposition, granting defendant Cherokee Insurance Company's (Cherokee) motion for summary disposition, ordering that Cherokee is not first in priority for the payment of first-party no-fault benefits to plaintiff, and dismissing plaintiff's claims against Cherokee. The appeals were consolidated to advance the efficient administration of the appellate process. *Fezzani v Villagomez*, unpublished order of the Court of Appeals, entered March 9, 2016 (Docket Nos. 331580, 331751). We affirm in both appeals.

In Docket No. 331580, Grange argues that the trial court erred in denying its motion for summary disposition regarding plaintiff's claim for uninsured motorist benefits. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Grange moved for summary disposition under MCR 2.116(C)(8) and (C)(10); the trial court did not specify a subrule in its decision, but review is proper under MCR 2.116(C)(10) because the parties and the trial court relied on material outside the pleadings. *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 23; 800 NW2d 93 (2010).

> In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016) (quotation marks and citations omitted).]

The interpretation of an insurance policy presents a question of law that is reviewed de novo. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010). "Because insurance policies are contractual agreements, they are subject to the same rules of contract interpretation that apply to contracts in general." *Sherman-Nadiv v Farm Bureau Gen Ins Co of Mich*, 282 Mich App 75, 78; 761 NW2d 872 (2008). Unambiguous language must be enforced as written. *Century Surety Co v Charron*, 230 Mich App 79, 82-83; 583 NW2d 486 (1998). A court must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).

"This Court reviews for clear error a trial court's factual determinations regarding a waiver claim, MCR 2.613(C); however, the trial court's ultimate decision concerning whether those facts show a waiver is a question of law reviewed de novo." *Electrolines, Inc v Prudential*

*Assurance Co, Ltd*, 260 Mich App 144, 163; 677 NW2d 874 (2003). "Whether a particular ground for dismissal is an affirmative defense under MCR 2.111(F) is a question of law that is reviewed de novo on appeal." *Citizens Ins Co of America v Juno Lighting, Inc*, 247 Mich App 236, 241; 635 NW2d 379 (2001).

MCR 2.111(F)(2) provides, in relevant part:

A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted. . . .

MCR 2.111(F)(3) states:

Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting

(a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

(c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

In short, "a party waives an affirmative defense unless the defense is set forth in its first responsive pleading." *Electrolines*, 260 Mich App at 164; see also *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993) ("The failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense.").

An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff. In other words, it is a matter that accepts the plaintiff's allegation as true and even admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings. [*Stanke*, 200 Mich App at 312 (citation omitted).]

"While the burden of proving coverage is on the insured, it is incumbent on the insurer to prove that an exclusion to coverage is applicable." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 378; 836 NW2d 257 (2013). We have made clear that "[r]eliance on an exclusionary

-3-

clause in an insurance policy is an affirmative defense." *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 657; 899 NW2d 744 (2017). Indeed, the purported applicability of an exclusion to insurance coverage has long been characterized as an affirmative defense. See *Bonney v Citizens' Mut Auto Ins Co*, 333 Mich 435, 437; 53 NW2d 321 (1952) (stating that an insurer pleaded the applicability of a policy exclusion as an affirmative defense); *Roddis Lumber & Veneer Co v American Alliance Ins Co of NY*, 330 Mich 81, 88; 47 NW2d 23 (1951) (holding that the insurer had the burden of proof on its "affirmative defense that the loss comes under an exclusion clause of the policy[]"); *Stein v Home-Owners Ins Co*, 303 Mich App 382, 387-391; 843 NW2d 780 (2013) (referring to the insurer's assertion of a policy exclusion as an affirmative defense); *Rice v Detroit Auto Inter-Ins Exch*, 66 Mich App 600, 602; 239 NW2d 675 (1976) (characterizing as an affirmative defense an insurer's contention that uninsured motorist coverage was unavailable due to a policy exclusion); *Waterview Assoc, Inc v Lawyers Title Ins Corp*, 30 Mich App 687, 695; 186 NW2d 803 (1971) (referring to the insurer's assertion of a policy exclusion as an affirmative defense); but see *Stanke*, 200 Mich App at 311-313 (holding that the belated assertion of an exclusion did not constitute an affirmative defense that was subject to waiver).

In its motion for summary disposition, Grange argued that plaintiff was not a named insured under the Grange policy and that coverage, therefore, did not apply because plaintiff was not occupying a vehicle covered by the policy at the time of the accident—he was instead occupying a 2000 International truck that was insured by Cherokee.[1] In the alternative, Grange asserted that if plaintiff was a named insured, a policy exclusion barred coverage. The exclusion at issue provided that the insurance did not apply to bodily injury sustained by a named insured while occupying or struck by a vehicle owned by the named insured that was not a covered vehicle under the policy. But Grange did not assert this or any policy exclusion as an affirmative defense in its first responsive pleading. The assertion of this policy exclusion constitutes an affirmative defense because it amounts to a claim that plaintiff lacks entitlement to recovery for a reason not disclosed in plaintiff's pleading, i.e., it does not merely dispute plaintiff's prima facie case. The Grange policy provides uninsured motorist coverage for

> all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident".

---

[1] In particular, the uninsured motorist coverage endorsement of the Grange policy provided that if the named insured is an individual, then the named insured and any family members were insureds for the purpose of uninsured motorist coverage. But if, as Grange claims, a limited liability company such as plaintiff's business entity, Volume World, LLC (Volume World), is the named insured, then plaintiff would be required to have been an occupant of a vehicle covered under the policy in order to qualify as an insured for the purpose of uninsured motorist coverage. Because the vehicle plaintiff was occupying at the time of the accident was not listed as a covered motor vehicle in the Grange policy, Grange contends that plaintiff was not an insured because Volume World, rather than plaintiff, was allegedly the named insured.

The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

There are additional provisions regarding coverage and who qualifies as an insured. But the exclusion at issue is listed in a separate section of the policy endorsement from the provisions regarding the requirements for coverage. Overall, the exclusion differs from the substantive requirements in the policy for establishing coverage, and the exclusion thus constitutes an affirmative defense that Grange did not timely assert. The trial court thus correctly concluded that Grange waived its argument that an exclusion applied. *Electrolines*, 260 Mich App at 164.

Although Grange's argument that plaintiff was not a named insured under the policy did not pertain to a policy exclusion and thus arguably was not an affirmative defense, the trial court rejected Grange's argument that plaintiff was not a named insured, and we conclude below that the trial court was correct in that determination. The trial court properly denied Grange's motion for summary disposition regarding plaintiff's claim for uninsured motorist benefits.

Next, Grange (in Docket No. 331580) and plaintiff (in Docket No. 331751) argue that the trial court erred in granting summary disposition to Cherokee on the ground that Grange is highest in priority for the payment of first-party no-fault benefits to plaintiff. We disagree.

Initially, Grange contends that the trial court erred in ruling that plaintiff was entitled to first-party no-fault benefits against Grange because plaintiff never asserted such a claim. Because this aspect of the issue is unpreserved, it is reviewed for plain error affecting substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). Grange's argument mischaracterizes the trial court's ruling. The trial court never ruled that plaintiff was entitled to relief in the form of the payment of no-fault personal protection insurance (PIP) benefits by Grange. The trial court granted Cherokee's motion for summary disposition and ruled that Cherokee was not first in priority for the payment of plaintiff's no-fault benefits. Grange did not seek summary disposition against plaintiff on the ground that plaintiff had never asserted a first-party no-fault claim against Grange, and Grange did not otherwise raise that issue below. Plaintiff and Grange ultimately reached an agreement to dismiss plaintiff's uninsured motorist claim without prejudice and to submit the issue of damages only to binding arbitration, with the parties preserving their right to appeal the trial court's decision on Grange's motion for summary disposition. The stipulated order of dismissal was the final order, and there has been no award of no-fault PIP benefits. The issue of plaintiff's entitlement to first-party no-fault benefits is not properly before this Court other than with respect to the trial court's ruling on the priority of insurers.[2]

---

[2] According to Grange's appellate brief, plaintiff filed a new lawsuit seeking first-party no-fault benefits against Grange in the same trial court, after the trial court's summary disposition ruling in this case. Grange says the new action was stayed pending this appeal.

Grange and plaintiff each argue that the trial court erred in its ruling that Grange, rather than Cherokee, was the priority no-fault insurer in this case. Grange acknowledges that this Court's decision in *Adanalic v Harco Nat'l Ins Co*, 309 Mich App 173; 870 NW2d 731 (2015), is on point and supports the trial court's ruling in this case, but Grange contends that *Adanalic* cannot be reconciled with our Supreme Court's decision in *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84; 549 NW2d 834 (1996), or this Court's decision in *Besic* and urges this Court to declare a conflict under MCR 7.215(J). Plaintiff likewise contends that *Besic* and *Celina* are the controlling authorities. We disagree with the arguments advanced by Grange and plaintiff.

"To determine the priority of insurers liable for no-fault PIP benefits, the claimant must look to MCL 500.3114." *Besic*, 290 Mich App at 30 (quotation marks, brackets, and citation omitted). The pertinent provisions of MCL 500.3114 provide:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

> \* \* \*

> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

Therefore, an injured person generally is to seek no-fault PIP benefits from his personal no-fault insurer regardless of whether a motor vehicle covered in the injured person's no-fault policy was involved in the accident. See MCL 500.3114(1); *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 262; 819 NW2d 68 (2012). An exception to this general rule is set forth in MCL 500.3114(3), which provides that an employee injured while occupying a motor vehicle owned or registered by his employer is to seek PIP benefits from the insurer of the furnished vehicle.

> For purposes of MCL 500.3114(3), whether an injured party was an "employee" is determined by applying the "economic reality test." By this test, factors to be considered include: (a) control of the worker's duties, (b) payment of wages, (c) right to hire, fire and discipline, and (d) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal. An independent contractor is not considered an "employee" for purposes of the no-fault act. [*Adanalic*, 309 Mich App at 190-191 (quotation marks and citations omitted).]

In *Adanalic*, this Court applied the economic reality test and held that the trial court did not err in finding that the plaintiff, a truck driver, was an independent contractor rather than an employee of the company for which he was hauling cargo, and that the plaintiff's personal no-fault insurer was thus responsible for the payment of his no-fault PIP benefits. *Id*. at 190-194.

-6-

In the present case, the trial court relied on *Adanalic*, applied the economic reality test, and concluded that plaintiff was an independent contractor rather than an employee of Mason Dixon Intermodal, the company for which plaintiff was providing truck-driving services. Therefore, MCL 500.3114(3), the exception to the general priority rule, did not apply, and Cherokee, the insurer of the furnished vehicle, was not responsible for the payment of no-fault PIP benefits. Grange, as the insurer of plaintiff's personal household vehicles, was first in priority to pay no-fault PIP benefits to plaintiff pursuant to MCL 500.3114(1).

Grange and plaintiff raise no argument challenging the trial court's application of the factors of the economic reality test as elucidated in *Adanalic*. Grange and plaintiff instead contend that *Celina* and *Besic* require the conclusion that plaintiff is an employee, and Grange argues that *Adanalic* cannot be reconciled with *Celina* and *Besic*. We disagree.

In *Celina*, 452 Mich at 86-87, the injured person was Robert Rood, who was the self-employed owner of Rood's Wrecker & Mobile Home Service, a sole proprietorship. Rood was injured while operating a motor vehicle on behalf of his business. *Id*. at 86. Our Supreme Court determined that Rood was an "employee" for the purpose of MCL 500.3114(3) given his status as a self-employed person. *Id*. at 89. The Court emphasized that MCL 500.3114(3) has been given "a broad reading designed to allocate the costs of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance." *Id*.

In *Besic*, 290 Mich App at 21, the injured person was Muhamed Besic. Besic was injured while hauling freight on a vehicle he owned and that he leased to MGR Express, Inc. (MGR), pursuant to an agreement that identified Besic Express, a corporation solely owned by Besic, as the contractor and owner of the truck, even though Besic testified that he owned the truck. *Id*. at 21-22. This Court held that, "[c]onsistently with the Michigan Supreme Court's analysis in *Celina*, 452 Mich at 89, the priority language in MCL 500.3114(3) extends to the self-employment situation of Besic." *Besic*, 290 Mich App at 32. In response to an argument that it was unclear whether Besic was employed by Besic Express or MGR, this Court stated: "In light of the undisputed fact that Besic was self-employed at the time of the accident, *Celina*, 452 Mich at 89, and MCL 500.3114(3) remain the controlling authorities." *Besic*, 290 Mich App at 33.

Contrary to the arguments of Grange and plaintiff, *Adanalic* is not inconsistent with *Celina* and *Besic*. *Celina* and *Besic* each involved an injured person who was deemed an "employee" for the purpose of MCL 500.3114(3) by virtue of his status as a self-employed person. In each case, the injured person was the sole owner of a business. In *Celina*, the injured person owned Rood's Wrecker & Mobile Home Service, and in *Besic*, the injured person owned Besic Express. By contrast, *Adanalic*, like the present case, involved an injured person who was functioning solely as an independent contractor. Here, plaintiff personally contracted with MDI as an independent contractor. Hence, *Adanalic* can be reconciled with *Celina* and *Besic* given the distinction between a self-employed sole proprietor and an independent contractor.

Accordingly, Grange and plaintiff have failed to establish any error in the trial court's determination that plaintiff was an independent contractor. Because plaintiff was an independent contractor, he is not considered an employee for the purpose of the no-fault act. *Adanalic*, 309 Mich App at 191. The exception set forth in MCL 500.3114(3) to the general priority rule thus

does not apply. Pursuant to MCL 500.3114(1), Grange, as plaintiff's personal no-fault insurer, is highest in priority for the payment of plaintiff's no-fault PIP benefits.

As a final matter, Grange and plaintiff contend that plaintiff was not a named insured on the Grange policy. They argue that only plaintiff's business entity, Volume World, LLC (Volume World), was a named insured. We disagree.

The declaration page of the Grange policy lists the following under the heading, "Named Insured and Address":

VOLUME WORLD LLC

RIADH FEZZANI

923 GARDENIA AVE

ROYAL OAK MI  48067

Therefore, Volume World and plaintiff are both listed under the category of named insured on the declaration page of the Grange policy. The term "named insured" is not defined in the Grange policy and is thus accorded its commonly understood meaning. See *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 534; 676 NW2d 616 (2004) ("Where a term is not defined in the policy, it is accorded its commonly understood meaning."). The term "named insured" is commonly understood to mean the person listed in the policy. See *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 264-265; 548 NW2d 698 (1996). Because plaintiff was listed on the declaration page of the policy, he was a named insured. Grange says that plaintiff's name is listed merely as a representative of Volume World, but the declaration page of the policy does not say that plaintiff is listed as a mere representative. Grange also asserts that the declaration page says that the named insured is a limited liability company. In fact, the declaration page says that the named insured's legal entity is a limited liability company. This statement could apply to plaintiff given his ownership of Volume World, and it does not alter the fact that plaintiff's name is listed on the declaration page. Grange also emphasizes that the declaration page states that the policy is for "business auto coverage." This does not alter plaintiff's status as a named insured because an individual can be a named insured on a commercial or business auto policy. See *Stoddard v Citizens Ins Co of America*, 249 Mich App 457, 466-467; 643 NW2d 265 (2002).

In its appellee briefs, Cherokee argues that the Grange policy contains exclusions that are invalid or inapplicable. But Grange presents no appellate argument asserting the validity or applicability of such exclusions. Plaintiff vaguely alludes to exclusions but presents no argument identifying the exclusions and explaining how they apply. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (citation and quotation marks omitted). Failure to adequately brief an issue constitutes abandonment. *McIntosh v McIntosh*, 282 Mich App 471, 484; 768 NW2d 325 (2009). Given the absence of a substantive appellate argument by Grange or plaintiff regarding any exclusion, there is quite simply nothing to address in this regard.

Affirmed in both appeals.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron