*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

US BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v

ANGELINE LUCILE ONEAL,

Defendant-Appellant.

UNPUBLISHED
April 17, 2025
10:29 AM

No. 369086
Wayne Circuit Court
LC No. 22-015171-PD

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

In this replevin action, defendant appeals by right the trial court's order denying her motion for summary disposition brought under MCR 2.116(C)(7) (dismissal appropriate because of prior payment); MCR 2.116(C)(8) (failure to state a claim); and MCR 2.116(C)(10) (no genuine issue of material fact) and granting plaintiff's motion for summary disposition under MCR 2.116(C)(9) (opposing party failed to state a valid defense) and MCR 2.116(C)(10). We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arose when Angeline Oneal obtained a loan from US Bank to finance her purchase of a 2020 Cadillac XT6 ("Cadillac"). On August 17, 2021, the parties entered into an agreement in which Oneal financed $56,354.24 for the purchase. On the signature line of the agreement, Oneal wrote "dun alluju," which she claimed meant "without recourse" in Arabic.[1] US Bank sent Oneal a letter on February 9, 2022, indicating that she needed to make a minimum payment of $5,119.60 on the debt. On April 23, 2022, Oneal purchased two money orders for $2 each and sent them to US Bank. On the money orders, Oneal wrote: "I accept your offer in the amount of [$62,000] for value consideration and tender this payment for the complete amount and accord in satisfaction per UCC 3-603/3-111 upon redeeming this instrument, by Angeline Oneal without recourse/without warranty." Oneal also sent US Bank a letter informing the bank that the money payments were payments for the whole debt. Oneal defaulted on the loan while retaining

---

[1] The parties did not provide a formal or certified translation of "dun alluju."

-1-

possession of the Cadillac, and US Bank filed this suit for replevin. In her answer, Oneal denied the allegations but failed to raise any affirmative defenses.

On August 15, 2023, US Bank moved for summary disposition under MCR 2.116(C)(9) and (C)(10), arguing that Oneal failed to assert a valid defense and that there was no dispute that she defaulted on the loan. Oneal then moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Oneal argued summary disposition was proper because her two money orders established an accord and satisfaction with US Bank. Oneal maintained that she disclaimed liability on the agreement because she wrote "dun alluju" on the signature line. In response, US Bank argued that Oneal could not disclaim liability nor raise the defense of accord and satisfaction. Moreover, even if Oneal could raise accord and satisfaction, she failed to establish the requirements. The trial court denied Oneal's motion for summary disposition and granted US Bank's motion for summary disposition. This appeal followed.

## II. MOTIONS FOR SUMMARY DISPOSITION

Oneal argues that the trial court erred when it denied her motion for summary disposition and granted US Bank's motion for summary disposition. We disagree.

## A. STANDARD OF REVIEW

As noted, Oneal moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), and US Bank moved for summary disposition under MCR 2.116(C)(9) and (C)(10). The trial court did not specify under which subrule it granted and denied the respective motions. "This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## B. ANALYSIS

### 1. ONEAL'S MOTION

Oneal first argues that she was entitled to summary disposition under MCR 2.116(C)(7) because there was an accord and satisfaction between the parties. However, US Bank argued in the trial court and on appeal that Oneal waived this issue because she did not properly raise accord and satisfaction as an affirmative defense. We agree that Oneal waived this issue.

"MCR 2.116(C)(7) permits summary disposition because of release, payment, prior judgment, or immunity granted by law." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks, brackets, and citation omitted). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Norman v Dept of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden*, 461 Mich at 119; see also MCR 2.116(G)(5). "The

-2-

contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden*, 461 Mich at 119.

Accord and satisfaction is an affirmative defense, which defendant has the burden of establishing. *Nationwide Mut Ins Co v Quality Builders, Inc*, 192 Mich App 643, 646; 482 NW2d 474 (1992). Generally, an affirmative defense under MCR 2.116(C)(7) must be raised in a party's responsive pleading. MCR 2.116(D)(2); see also MCR 2.111(F)(3) ("Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118"). However, a defendant can raise such an affirmative defense in a motion for summary disposition, provided that the motion is filed "prior to the party's first responsive pleading." MCR 2.116(D)(2). "A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted." MCR 2.111(F)(2); see also *Citizens Ins Co of America v Juno Lighting, Inc*, 247 Mich App 236, 241; 635 NW2d 379 (2001) ("An affirmative defense must be stated in a party's responsive pleading or in a motion for summary disposition made before the filing of a responsive pleading, or the defense is waived.").

In this case, Oneal filed an answer to US Bank's complaint on January 20, 2023, without including any affirmative defenses.[2] In her reply brief on appeal, Oneal claims that she raised the affirmative defense of accord and satisfaction in her motion for summary disposition, which she filed on August 16, 2023. However, raising an affirmative defense in a motion for summary disposition *after* filing an answer is improper under MCR 2.116(D)(2) and MCR 2.111(F)(3). Therefore, Oneal waived that affirmative defense. See *Citizens*, 247 Mich App at 241. Because Oneal could not raise the affirmative defense of accord and satisfaction, the trial court did not err under MCR 2.116(C)(7) when it denied her motion for summary disposition. See *Clay*, 311 Mich App at 362.

Oneal also moved for summary disposition under MCR 2.116(C)(10). Summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden* 461 Mich at 120. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Kahlil*, 504 Mich at 160. "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen*

---

[2] Oneal moved to amend her answer on November 21, 2023. At the summary disposition motion hearing on November 28, 2023, the trial court noted Oneal's motion to amend her answer, assuming that she wished to include the affirmative defense of accord and satisfaction. However, the trial court did not rule on Oneal's motion to amend, explaining that her motion may become moot depending on the outcome of the hearing. Given that the trial court ultimately granted US Bank's motion for summary disposition and dismissed the case, Oneal's motion to amend did, indeed, become moot.

*Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted).

"A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4). Oneal's theory is that there was no dispute that there was an accord and satisfaction that discharged her debt. However, as discussed, Oneal was precluded from raising this defense. Oneal failed to provide an alternate theory for her argument and failed to rebut US Bank's evidence establishing that she owed about $57,000. As such, the trial court did not err under MCR 2.116(C)(10) when it denied Oneal's motion for summary disposition.

Finally, Oneal also moved for summary disposition under MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

However, in her motion for summary disposition, her brief on appeal, and her reply brief, Oneal failed to provide an argument why her motion was proper under MCR 2.116(C)(8). "Insufficiently briefed issues are deemed abandoned on appeal." *Tripp v Baker*, 346 Mich App 257, 273; 12 NW3d 45 (2023) (quotation marks and citation omitted). For the sake of completeness, though, we will analyze whether summary disposition was proper under MCR 2.116(C)(8).

Although Oneal failed to provide an argument as to why her motion for summary disposition was proper under MCR 2.116(C)(8), if she had, US Bank addressed the issue in its response to Oneal's motion for summary disposition. US Bank argued summary disposition was improper under MCR 2.116(C)(8) because US Bank properly pleaded a replevin claim under MCL 600.2920 and MCR 3.105. MCR 3.105(C) states:

> (C) Complaint; Joinder of Claims; Interim Payments. A claim and delivery complaint must:
>
> (1) specifically describe the property claimed;
>
> (2) state the value of the property claimed (which will be used only to set the amount of bond and not as an admission of value);
>
> (3) state if the property claimed is an independent piece of property or a portion of divisible property of uniform kind, quality, and value; and
>
> (4) specifically describe the nature of the claim and the basis for the judgment requested.
>
> If the action is based on a security agreement, a claim for the debt may be joined as a separate count in the complaint. If the plaintiff, while the action is

pending, receives interim payments equal to the amount originally claimed, the action must be dismissed.

A replevin action cannot be maintained to recover possession if: (a) the goods or chattels were "taken by virtue of a warrant for the collection of a tax, assessment, or fine in pursuance of a statute of this state;" (b) the goods or chattel were "seized by virtue of an execution or attachment at the suit of the defendant;" or (c) the action was commenced by a person who "does not have a right to possession of the goods or chattels taken or detained." MCL 600.2920(1).

US Bank's complaint (1) described the Cadillac that Oneal possessed by providing the Vehicle Identification Number; (2) provided the estimated trade-in value of the Cadillac; (3) explained the property in question was a vehicle capable of being possessed; and (4) demonstrated that Oneal defaulted on a loan with US Bank, which had the right to repossess the Cadillac if Oneal defaulted. US Bank also explained that, to the best of its knowledge, the Cadillac had not been taken for tax or fines or seized under an execution or attachment against the property of Oneal. Accordingly, US Bank properly pleaded a replevin claim. See MCL 600.2920; MCR 3.105. Consequently, the trial court did not err under MCR 2.116(C)(8) when it denied Oneal's motion for summary disposition. See *El-Khalil*, 504 Mich at 160.

## 2. US BANK'S MOTION

As noted, US Bank moved for summary disposition under MCR 2.116(C)(9) and (C)(10). "A summary disposition motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true." *BC Tile & Marble Co, Inc*, 288 Mich App at 582. "Summary disposition is proper if the defenses are so clearly untenable as a matter of law that no factual development could possibly support a plaintiff's right to recovery." *Id*. "A motion for summary disposition under MCR 2.116(C)(9) is tested solely by reference to the parties' pleadings." *Id*. (quotation marks, brackets, and citation omitted). MCR 2.110(A) defines pleadings as: (1) a complaint; (2) a cross-claim; (3) a counterclaim; (4) a third-party complaint; (5) and answer to a complaint, cross-claim, counterclaim, or third-party complaint; and (6) a reply to an answer. MCR 2.110(A) explicitly states: "No other form of pleading is allowed."

In her answer to US Bank's complaint, Oneal denied the allegations but failed to provide any defenses against them. The only time that Oneal raised the affirmative defense of accord and satisfaction was in her motion for summary disposition. However, Oneal's motion for summary disposition is not a pleading. See MCR 2.110(A). Therefore, the trial court did not err under MCR 2.116(C)(9) when it granted US Bank's motion for summary disposition.

US Bank also moved for summary disposition under MCR 2.116(C)(10), arguing that there was no dispute that it was entitled to recover the Cadillac from Oneal. This matter involved a contract, so contractual interpretation applies. "The words of a contract are interpreted according to their plain and ordinary meaning, and this Court gives effect to every word, phrase, and clause while avoiding interpretations that would render any part of the document surplusage or nugatory." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 393; 964 NW2d 846 (2020) (quotation marks and citation omitted).

US Bank argued there was no dispute of material fact that Oneal owed about $57,000 under the contractual agreement. US Bank provided the loan agreement, which detailed: (a) the amount financed, which was $56,354.24; (b) the monthly payment schedule; and (c) Oneal's signature along with the "dun alluju" addition. The agreement also indicated that repossession was a remedy in the event of a breach. In addition, Dale Armistead, an officer of US Bank, submitted an affidavit stating that Oneal defaulted on the agreement and that US Bank had the right to recover the Cadillac.

Oneal failed to respond to US Bank's motion for summary disposition, but instead filed her own motion for summary disposition. However, Oneal argued that the only dispute was whether she had liability under the agreement. Oneal maintains that she is not liable for the contract because she signed "dun alluju," in the signature line of the contract, which ostensibly means "without recourse" in Arabic. Oneal asserts that under MCL 440.3415, the addition of this language disclaimed her liability for the debt. Oneal's argument is legally incorrect. First, MCL 440.3415 concerns negotiable instruments, not a contract like the one at issue in this case. See MCL 440.3104. Further, even if Oneal had not waived her argument of accord and satisfaction, she failed to establish the requirements. Under MCL 440.3311(1), to establish accord and satisfaction, a party must demonstrate: (*i*) it tendered the payment in good faith; (*ii*) the debt is unliquidated or subject to a bona fide dispute; and (*iii*) the payment was obtained by the receiving party.

As noted, Oneal provided evidence of two money orders for $2 each that she sent to US Bank, on which she wrote her intent that those payments be accepted by US Bank as the "complete amount" of her debt. However, as the trial court noted, "writing something with English letters, but in another language" did not establish Oneal's good faith, but rather was a "crafty way to sign agreements with people" that demonstrated Oneal had "no intention at all of paying anything." Moreover, Oneal failed to present evidence contesting the loan agreement or her default. As such, the debt was not subject to a bona fide dispute: (a) Oneal owed US Bank the amount in the agreement; (b) Oneal failed to make payments on the debt and defaulted; and (c) US Bank was entitled to possession of the Cadillac. Therefore, although Oneal was able to establish that US Bank obtained her money order payments, she failed to demonstrate that she acted in good faith and that the debt was unliquidated. As such, summary disposition was proper under MCR 2.116(C)(10). Consequently, the trial court did not err when it granted US Bank's motion for summary disposition.

Affirmed. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young