STANKE v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 136837. Submitted February 2, 1993, at Grand Rapids.
Decided June 22, 1993, at 9:25 A.M.

Richard Stanke brought an action in the Osceola Circuit Court
against State Farm Mutual Automobile Insurance Company,
seeking payment of a judgment for damages that the plaintiff
obtained in a separate action against Roy Clothier, the defen-
dant's alleged insured. The plaintiff was injured in an automo-
bile accident while a passenger in a Chevrolet Camaro driven
by Roy Clothier. The vehicle allegedly belonged to Roy Clothier,
but the title apparently had not been transferred to him or
either of the three individuals to whom the vehicle previously
had been transferred since its last registered owner. The defen-
dant had declined to defend Roy Clothier in the underlying
action, maintaining that it owed no coverage to him under the
insurance policy at issue, which was issued to John Clothier,
Roy's father, covering a Chrysler. The defendant initially
claimed that no coverage was owed to Roy because he was not
a resident of his parents' domicile and, therefore, was not an
insured under the policy issued to his father. Seventeen months
after the complaint was filed, the defendant moved for sum-
mary disposition alleging that coverage was not owed because
the Camaro was an owned vehicle not named on the declara-
tions page of the policy. The court, George Van Kula, J., denied
the motion on the ground that the issue had been waived
because the defendant had not specifically raised it in its
answer or as an affirmative defense. The court also denied, on
the basis of inexcusable delay, the defendant's motion to amend
its answer to specifically add the policy's owned-vehicle exclu-
sion as a defense and denied the defendant's motion for recon-
sideration of the order denying the motion for summary dispo-
sition. The Court of Appeals granted the defendant leave to
appeal, limited to the questions whether the defendant had

REFERENCES
Am Jur 2d, Pleading, §§ 69, 127, 130, 143, 152, 311, 315-317, 330.
See ALR Index under Amendment of Pleadings; Answer; Pleadings.

waived the owned-vehicle issue and, if so, whether the defendant should have been granted leave to amend its answer.

The Court of Appeals *held:*

1. The defendant did not waive the defense that the Camaro was an owned vehicle not named on the declarations page. In arguing that the Camaro was an owned vehicle, the defendant was not seeking to raise an affirmative defense, but, rather, was denying that coverage exists. The defendant's answer was sufficient to satisfy the pleading requirements with regard to the specificity with which ordinary or negative defenses must be pleaded. It gave notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position. Pursuant to MCR 2.116(D)(3), the issue could be raised at any time. The defendant did not have to plead the issue with any specificity beyond denying that coverage exists. It was not necessary for the defendant to amend its answer in order to be allowed to raise the issue in its motion for summary disposition.

2. In the alternative, even assuming that the issues whether the Camaro is nonowned and whether there is a genuine issue of material fact regarding that question concern matters that must be pleaded or waived, the trial court abused its discretion in denying the defendant leave to amend its pleading to add such a defense. Leave to amend pleadings should be given freely. Although delay is a factor to be considered in granting a motion to amend pleadings, delay alone does not warrant denial of a motion to amend.

3. It is not clear that amendment of the defendant's pleadings would be futile. There is a reasonable possibility that the defendant will prevail on the merits if allowed to raise its issue. The fact that the title to the vehicle remained in the name of some other individual does not establish that the vehicle is a nonowned vehicle for purposes of finding coverage of Clothier under the policy at issue.

4. The substantive merits of the defendant's motion for summary disposition need not be addressed because that issue is beyond the scope of the order granting leave to appeal and has not been addressed by the trial court.

5. The case must be remanded to the trial court so that the defendant may raise by way of renewal of its motion for summary disposition the issue whether the Camaro was a nonowned vehicle under the insurance policy.

Reversed and remanded.

MURPHY, J., concurred in the result and the findings that the defense that the defendant attempted to argue in its motion for

summary disposition was not an affirmative defense and that the defendant's answer sufficiently raised the defense, making it unnecessary to seek leave to amend.

1. PLEADING — AFFIRMATIVE DEFENSES.

An affirmative defense accepts the plaintiff's allegation as true and even admits the establishment of the plaintiff's prima facie case, but denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings.

2. PLEADING — AMENDMENTS.

The primary function of a pleading is to give notice of the claim or defense sufficient to permit the opposite party to take a responsive position; an answer must be sufficiently specific so that a plaintiff will be able to prepare an adequate case, and the complaint must be sufficiently specific so that the defendant may prepare an adequate defense.

3. PLEADING — RAISING ISSUES BY MOTION.

Issues related to jurisdiction over persons and property or service of process must be raised in a responsive pleading or by motion, whichever comes first; issues related to capacity to sue, other action pending, and affirmative defenses must be raised not later than the first responsive pleading; issues related to subject-matter jurisdiction, failure to state a claim or valid defense, and the existence of a genuine issue of material fact may be raised at any time (MCR 2.116[D]).

4. PLEADING — AMENDMENTS.

Leave to amend pleadings is to be given freely (MCR 2.118[A][2]).

5. PLEADING — AMENDMENTS — DELAY IN SEEKING AMENDMENT.

Although delay is a factor to be considered when ruling on a motion to amend pleadings and may give rise to a legitimate basis for denying a motion to amend where the delay was in bad faith or causes actual prejudice to the opponent, delay alone does not warrant denial of the motion; where the only reason proffered in opposition to an amendment is an inexcusable delay, the remedy is to sanction the offending party to reimburse the opponent for the additional expense and attorney fees incurred because of the delay (MCR 2.118[A][3]).

*Eric D. Williams,* for the plaintiff.

*Fortino, Plaxton & Moskal* (by *Charles M. Fortino*), for the defendant.

Before: TAYLOR, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the circuit court denying defendant's motion for leave to amend its answer to add an additional affirmative defense and denying a motion for reconsideration of the court's order denying defendant's motion for summary disposition. We reverse.

Plaintiff sought a declaratory judgment against defendant to recover payment of damages under a judgment plaintiff obtained against Roy Clothier, defendant's alleged insured. Plaintiff's claim against Clothier arose out of an automobile accident in which plaintiff was a passenger in a vehicle driven by Clothier. The vehicle, a 1971 Chevrolet Camaro, apparently, or at least allegedly, belonged to Clothier, but had an improper title history. That is, there had been a series of transactions involving the Camaro in which title was not transferred to the new purchaser. The last registered owner of the vehicle was Terry Vallett, who had transferred the vehicle to Cameron Miller, who had transferred it to Scott Reeves, who had transferred it to Henry Cleaves, who had transferred it to Clothier. Defendant was aware of the litigation against Clothier, but declined to defend Clothier, maintaining that it owed no coverage to Clothier. At issue here is an insurance policy issued to Clothier's father, John Clothier, covering a 1969 Chrysler Newport.

The theory most vigorously pursued by defendant at the beginning of this litigation was that no coverage was owed to Roy Clothier because he was not a resident of his parents' domicile and, therefore, was not an insured under the policy issued by defendant to John Clothier. However, approxi-

mately seventeen months after plaintiff's complaint was filed, defendant raised a new theory regarding why it owed no coverage, namely, that the Camaro constituted an owned vehicle not named on the declarations page. Defendant raised this issue by way of a motion for summary disposition, which the trial court denied on the ground that defendant had waived the issue because it had not specifically raised it as a defense in its answer or as an affirmative defense. Defendant thereafter sought leave to amend its answer to specifically add the "owned vehicle exclusion" as a defense. The trial court denied the motion on the basis of inexcusable delay. Defendant thereafter sought leave to appeal to this Court, which was granted.

We first turn to the question whether defendant did, in fact, waive this defense. We conclude that it did not. Under MCR 2.111(F), a defendant must raise defenses and affirmative defenses in its responsive pleading, and the failure to do so constitutes a waiver of the defense or affirmative defense. After reviewing the nature of the issue raised by defendant in its motion for summary disposition, we are not convinced that defendant was endeavoring to raise a "defense" or an "affirmative defense," at least not to an extent beyond that which was raised in the pleadings.

First, we note that plaintiff's complaint in this matter was itself very general, alleging little beyond the fact that it had obtained a judgment against the alleged insured, Roy Clothier, and that Roy Clothier was an insured within the meaning of an insurance policy issued by defendant to John and Julliette Clothier. Defendant answered the complaint and denied that it owed any coverage under the policy. Later it raised its motion for summary disposition, under both MCR 2.116(C)(8)

and (10) (failure to state a claim and no genuine issue of material fact). The trial court denied defendant's motion, concluding that it had not raised the issue whether Clothier was operating an owned or nonowned vehicle previously in its answer and, therefore, the defense was waived. We disagree.

Under MCR 2.111(F)(3), affirmative defenses must be raised in the responsive pleading, unless they previously have been raised in a motion for summary disposition before the filing of a responsive pleading, MCR 2.111(F)(2)(a). The failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense. *Campbell v St John Hosp,* 434 Mich 608, 616; 455 NW2d 695 (1990). However, in this case, defendant was not seeking to raise an affirmative defense. An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff. *Campbell, supra.* In other words, it is a matter that accepts the plaintiff's allegation as true and even admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings. See 2 Martin, Dean & Webster, Michigan Court Rules Practice, p 192. For example, the running of the statute of limitations is an affirmative defense. MCR 2.111(F)(3)(a). Thus, although the plaintiff may very well have a valid claim and is able to establish a prima facie case, the defendant, as an affirmative matter, may nevertheless establish that the plaintiff is not entitled to prevail on the claim because the defendant can show that the period of limitation has expired and, therefore, the suit is untimely.

In the case at bar, the issue whether defendant's

alleged insured was operating an owned or non-owned vehicle at the time of the accident does not constitute a matter of an affirmative defense. That is, the issue does not allow for plaintiff's establishing his prima facie case, with defendant coming forth with some other reason why plaintiff should not prevail on that claim. Rather, it directly controverts plaintiff's entitlement to prevail. Thus, it directly denies that plaintiff can establish a prima facie case by stating that plaintiff will be unable to prove that there exists a policy of insurance issued by defendant that provides coverage for the accident, thereby establishing defendant's liability to pay the underlying judgment.

To establish his claim, plaintiff must establish, at a minimum, that the person against whom he obtained a judgment, Roy Clothier, was an insured under a policy issued by defendant and that that policy covered the accident. The policy at issue provides for liability coverage for which an insured is liable because of an accident involving "your car," that is, the insured's car:

> We will pay damages which an *insured* becomes legally liable to pay because of:
> a. *bodily injury* to others, and
> b. damage to or destruction of property including loss of its use,
> caused by accident resulting from the ownership, maintenance or use of *your car.* [Emphasis in original.]

The policy elsewhere defines "your car" as being the car or vehicle described on the declarations page. As noted above, the declarations page of the policy lists a 1969 Chrysler Newport.

However, the policy at issue also provides coverage for an insured's use of a nonowned automobile:

Coverage for the Use of Other Cars

The liability coverages extend to the use, by an *insured,* of a *newly acquired car,* a *temporary substitute car* or a *non-owned car.* [Emphasis in original.]

The policy defines a nonowned car as follows:

*Non-Owned Car*—means a *car* not:
1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of:
*you, your spouse,* or any *relatives.* [Emphasis in original.]

The policy also defines the meaning of the word "insured" as follows:

When we refer to *your car,* a *newly acquired car* or a *temporary substitute car, insured* means:
1. *you;*
2. *your spouse;*
3. the *relatives* of the first *person* named in the declarations;
4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse;* and
5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds.*
When we refer to a *non-owned car, insured* means:
1. the first *person* named in the declarations;
2. his or her *spouse;*
3. their *relatives;* and
4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons.* [Emphasis in original.]

The policy elsewhere defines the word "you" as

meaning the named insured on the declarations page (i.e., John Clothier). A "relative" means a person related to a named insured and who lives with the named insured, including unmarried and unemancipated children away at school. Roy Clothier was not a named insured on the declarations page, but would be an insured if he is deemed a "relative," meaning that he not only was related to John Clothier, but also lived with John Clothier.

In his brief, plaintiff maintains that he is seeking coverage under the nonowned car coverage provisions of the policy quoted above. Thus, for plaintiff to prevail, it will be necessary for him to show, inter alia, that Roy Clothier is an "insured" (i.e., he resided with the named insured, John Clothier), and that the Camaro is a nonowned automobile (because it was not a named vehicle on the declarations page and, therefore, it is not a "your car" under that provision of the policy). Therefore, defendant's argument in the motion for summary disposition, that the Camaro was not a nonowned vehicle (or, to state it affirmatively, that it was an owned vehicle), does not constitute an affirmative defense. That is, it does not admit or allow for plaintiff's having established his prima facie case, yet provides some other basis to deny relief. Rather, it denies that plaintiff would be able to prove his prima facie case. Specifically, it asserts that there is no genuine issue of material fact regarding whether the Camaro involved in the accident was a nonowned vehicle, and that plaintiff therefore will be unable to prove that it was a nonowned car for purposes of coverage under the policy. Because defendant's position denies the existence of a prima facie claim, it is not an affirmative defense. Therefore, it is not subject to the rule that the failure to plead affirmative defenses in the first responsive pleading, or prior to the

first responsive pleading by way of motion, constitutes a waiver of the affirmative defense.

There does, however, remain some question regarding what degree and with what specificity an ordinary, or "negative," defense must be pleaded. MCR 2.111(F)(2) does require that all defenses be pleaded, and that any defense not pleaded or raised by motion is waived, with certain exceptions, and MCR 2.111(D) requires that all denials must state the substance of the matters on which the pleader will rely to support the denial. The authors' comment in 1 Martin, Dean & Webster, Michigan Court Rules Practice (1992 Supp), p 43, certainly suggests that the court rules envision more than a simple denial:

> Certainly the overall message of subrules (C) and (D) is that general denials are inappropriate. A denial that merely states that the pleader "neither admits nor denies the allegations of paragraph _____, but leaves plaintiff to its proofs" is insufficient. An allegation merely "denied as untrue" frequently violates the rule's intent that a pleader state the reason and grounds for the denial. The intent of the rule is that the pleader state "why" the allegation is "untrue", for ex., the facts alleged are incorrect, the amount of the debt is incorrect, etc.

This does not, however, answer the question regarding what degree of specificity the court rule requires in pleadings. Certainly, the rule seems to envision a requirement that something beyond a "denied" be stated in an answer.[1] Is it necessary, however, that a defendant plead every element of the plaintiff's claim that the defendant believes the plaintiff will be unable to substantiate, and the

---

[1] Though it would seem that this requirement is honored more in its breach than in its application.

reasons for the defendant's belief, in its first re-
sponsive pleading? That would certainly seem un-
reasonable because at the pleading stage there has
been no discovery and, therefore, the defendant
will not know what evidence the plaintiff will be
able to present in support of the elements of his
claim, nor will the defendant have necessarily
discovered all the evidence it may be able to
marshal to disprove one or more elements of the
plaintiff's claim. Rather, we must resolve this
question by looking at the purpose of the pleading.

It is observed in 1 Martin, Dean & Webster,
Michigan Court Rules Practice, p 186, that the
primary function of a pleading in Michigan is to
give notice of the nature of the claim or defense
sufficient to permit the opposite party to take a
responsive position. Similarly, in *Campbell, supra*
at 616, the Supreme Court made the following
observation concerning the necessity of pleading
an affirmative defense and the waiver of that
affirmative defense if not pleaded:

Even if we were to interpret subsection MCR
2.111(F)(3)(a) restrictively, other language in MCR
2.111(F)(3) suggests that it was incumbent upon
the defendants to assert the arbitration agreement
in their responsive pleadings. *MCR 2.111(F)(3)(c)
requires the inclusion of "a ground of defense"
which "would be likely" to surprise the adverse
party.* While the instant plaintiff may or may not
have been surprised in fact by the existence of the
arbitration agreement, personal representatives of
patients who die following the signing of an agree-
ment generally may be quite likely to be taken by
surprise by the existence of such a document.

Finally, the broad language employed in MCR
2.111(F), coupled with case law recognizing the
existence of affirmative defenses not specifically
set forth in MCR 2.111(F)(3)(a) provides adequate
warning to the practitioner that *defenses which go*

*beyond rebutting the plaintiff's prima facie case,*
other than lack of subject matter jurisdiction and
failure to state a claim, *should be stated in the
responsive pleading, lest they be deemed to have
been waived.* [Emphasis added.]

With these ideas in mind, we believe that the
appropriate interpretation of the court rule is that
an answer must be sufficiently specific so that a
plaintiff will be able to adequately prepare his
case, just as the complaint must be sufficiently
specific so that the defendant may adequately
prepare his defense. Just as the plaintiff must
plead something beyond a general the "defendant
injured me,"[2] the defendant must plead something
more specific than "I deny I'm liable." In the case
at bar, defendant's answer, although not laying
out in exacting detail every theory defendant
could possibly allege regarding why there was no
coverage, did plead something more specific than
"we are not liable." Namely, defendant's answer
specifically denied that Roy Clothier was an "in-
sured" and further denied that there was coverage
under the policy at issue. We view this pleading as
being sufficient to satisfy the court rule. Had
defendants endeavored to present a defense that
involved an issue other than whether there was
coverage under the policy, then, perhaps, defen-
dant's answer would have been inadequate to pre-
serve such a defense.[3]

---

[2] See 1 Martin, Dean & Webster, *supra* at 184.

[3] For example, arguably, defendant's answer would have been inad-
equate to preserve an argument that defendant was not liable pursu-
ant to the policy because the insured had failed to perform some duty
under the policy, such as giving notification of the underlying lawsuit
to defendant. In such a case, the defendant would not be denying
coverage, but denying liability for some reason not directly related to
the plaintiff's ability to make out a prima facie case. That is, in such
a circumstance, the plaintiff might not be aware of the lack of notice
to the defendant and, therefore, have no reason to be aware of such a

This interpretation is further supported by a careful reading of MCR 2.111(F)(2) and MCR 2.116(D). Under MCR 2.111(F)(2), as discussed above, a defense is waived if not pleaded or raised by motion. MCR 2.116(D) sets forth the timetable to raise particular issues by motion. Issues related to jurisdiction over persons and property as well as service of process must be raised in a responsive pleading or by motion, whichever comes first. MCR 2.116(D)(1). Issues related to capacity to sue, other action pending, and affirmative defenses must be raised not later than the first responsive pleading. MCR 2.116(D)(2). Finally, issues related to subject-matter jurisdiction, failure to state a claim or valid defense, and the existence of a genuine issue of material fact may be raised at any time. MCR 2.116(D)(3). The issue defendant seeks to raise falls into this latter category and, thus, could be raised at any time.

In the case at bar, defendant's answer has satisfied its purpose: it notified plaintiff that defendant was disputing Roy Clothier's status as an insured and that the policy involved provided coverage for this accident. Certainly, defendant's answer was as specific as plaintiff's complaint. Plaintiff's complaint said little more than that Clothier was an insured and that the policy provided coverage. Defendant's answer denied those two facts. We think it unreasonable to expect defendant's answer to be more specific in alleging theories why plaintiff should not recover than plaintiff's complaint was in alleging theories regarding why plaintiff should recover. That is, if plaintiff's complaint

potential defense to the claim and would have no reason to prepare his case with that issue in mind. Accordingly, it might be argued that the court rule would require the defendant to include that issue in its answer or waive that defense to the claim. However, in the case at bar, the issue involved directly involves plaintiff's ability to prove a prima facie case.

should not be expected to explain why there is
coverage, then defendant's answer should not be
expected to explain why there is not coverage.
Indeed, it cannot be expected that defendant iden-
tify each argument regarding why there is no
coverage until defendant has learned why plaintiff
claims there is coverage. In other words, if the
state of defendant's answer is such that it failed to
adequately state a defense that can be raised, then
plaintiff's complaint is so inadequate that it has
failed to state a claim and should have been
dismissed.

In sum, because the issue is whether the Camaro
is nonowned and whether there is a genuine issue
of material fact concerning that question, we con-
clude that defendant did not have to plead that
issue with any specificity beyond denying that
coverage exists. Because one element that plaintiff
would have to establish was that the automobile
was nonowned, there is no surprise that he would
have to prove that element at trial and might at
some point be faced with a motion for summary
disposition with regard to that issue. Because non-
ownership represents an element plaintiff would
have to affirmatively prove in order to prevail on
his claim, it represents an issue that would reason-
ably be the subject of discovery and other prepara-
tions in advance of trial. Similarly, once it became
apparent to defendant that, at least from defen-
dant's viewpoint, there was no genuine issue of
material fact that plaintiff would be unable to
prove that element of his claim, it was appropriate
for defendant to file its motion for summary dispo-
sition on that basis.

In the alternative, even assuming that this rep-
resents a matter that must be pleaded or waived,
we believe the trial court abused its discretion in
denying defendant leave to amend its pleading to

add such a defense. It is a fundamental rule of civil procedure in this state that leave to amend pleadings should be given freely. MCR 2.118(A)(2); *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). Although delay is a factor to be considered in granting a motion to amend pleadings, *id.* at 656, delay alone does not warrant denial of a motion to amend. *Id.* at 663-664. As the *Fyke* Court noted, amendments of pleadings by necessity must come at a point later in time than the pleading they seek to amend. *Id.* at 664. Thus, there must always be some delay associated with an amendment of a pleading. Delay may give rise to a legitimate basis for denying a motion to amend, such as where the delay was in bad faith or causes actual prejudice to the opponent. *Id.* at 663. Indeed, the longer an amendment is delayed, the greater the risk of substantial prejudice. *Id.* In fact MCR 2.118(C)(2) imposes a substantial restriction on the ability to offer amendments during the course of trial.

In the case at bar, the only reason offered by the court in denying defendant's motion was inexcusable delay. No other ground is presented. However, the trial court ignored the directives of *Fyke* and the court rule to give leave to amend freely. Indeed, the court rule further envisions a remedy where the delay was inexcusable. The remedy is not to deny the amendment where delay is the only reason proffered in opposition to the amendment, but, rather, the remedy is to sanction the offending party to reimburse the opponent for the additional expenses and attorney fees incurred because of the inexcusable delay in requesting an amendment. MCR 2.118(A)(3).

Assuming that the issue raised by defendant is one that had to be preserved by specifically pleading it in its answer, we can certainly sympathize

with the court's irritation at the lateness in the proceedings in which defendant first raised the issue. Assuming defendant's argument to be meritorious, had defendant raised it at an earlier stage of the proceedings, the litigation could have been concluded in a more expeditious manner. That, however, is an insufficient reason to deny an amendment of the answer. To justify denying the motion to amend, it is necessary to identify something more than mere delay or the trial court's irritation with that delay. Not only does the trial court's opinion cite nothing beyond the delay, plaintiff's brief on appeal only cites futility of amendment in addition to the delay. However, we are not convinced that this is an appropriate basis to uphold the trial court's decision.

First, the trial court did not base its conclusion either in whole or in part upon a conclusion that an amendment would be futile. Thus, at a minimum, it would be more appropriate to remand the matter to the trial court to determine if amendment would be futile rather than for this Court to declare amendment to be futile. Second, it is not at all clear to us that an amendment would, in fact, be futile. Plaintiff appears to be relying upon a relatively narrow definition of what constitutes ownership of a motor vehicle, namely, in whom the title currently vests, without respect to whether the vehicle has subsequently been sold without the proper transfer of title or who has actual possession and use of the vehicle.

However, the Vehicle Code defines "owner" as including any person who has exclusive use of a vehicle for a period greater than thirty days. MCL 257.37(a); MSA 9.1837(a). Thus, if Clothier had exclusive use of the vehicle for more than thirty days, he would be deemed an owner of the vehicle under the Vehicle Code even though title owner-

ship vested in someone else. Furthermore, a similar definition is incorporated in the insurance policy itself. The definition of a nonowned car under the policy, as quoted above, requires not only that the car is not owned by or registered to the insured, but also that the car is not furnished or available for the regular or frequent use of the insurer.

Thus, the fact that the title to the vehicle remained in the name of some other individual does not establish that the vehicle is a nonowned car for purposes of finding coverage of Roy Clothier under the policy at issue here. Indeed, plaintiff's own brief on appeal acknowledges that the vehicle had been "transferred" to Roy Clothier. Thus, there is at least some basis for concluding that the vehicle does not fit within the definition of a nonowned car as that term is used in the insurance policy. Therefore, it is not at all clear that defendant's amendment would be futile. Indeed, it would appear that there is a reasonable possibility that defendant will prevail on the merits if allowed to raise this issue.

Plaintiff also suggests that amendment would be futile because the issue of ownership has been determined in prior litigation. We decline, however, to affirm on this basis. First, plaintiff points us to no evidence in support of his claim that the issue was decided previously. Second, even if the issue of ownership was decided previously, we are not persuaded that it necessarily follows that defendant is precluded from relitigating that issue in the case at bar. At a minimum, an analysis under the doctrine of collateral estoppel would be necessary, an issue not raised in the trial court and not present on appeal. Third, given the broad definitions of what constitutes an "owner" under the Vehicle Code and under the insurance policy, it is

not at all clear to us that there cannot be more than one "owner" for purposes of the nonowned vehicle coverage provisions of the insurance policy. That is, merely because someone other than Clothier may have been determined to be the owner of the vehicle in some prior litigation does not compel the conclusion that Clothier is not also an owner of the vehicle for purposes of the insurance policy. It must be kept in mind that the nonowned vehicle coverage not only requires that the vehicle not be owned by the insured, but also that it not be furnished for the regular or frequent use of the insured. Thus, even if someone other than Clothier actually owned the vehicle, there may still not be coverage under the nonowned vehicle provision because the vehicle was nevertheless supplied to Clothier for his regular or frequent use.

In sum, there are a number of issues that would have to be resolved before we could conclude that amendment would be futile. Because those issues were not addressed by the trial court, we decline to address them ourselves to determine if amendment would be futile. This is particularly true in light of our conclusion above that it was not even necessary for State Farm to amend its answer in order to be allowed to raise the issue regarding whether the vehicle is a nonowned vehicle.

Finally, defendant also argues that the trial court erred in denying its motion for summary disposition regarding the issue whether this was a nonowned vehicle. We decline, however, to address the merits of the issue. First, it appears that the issue concerning the merits of defendant's motion for summary disposition is beyond the scope of our order granting leave to appeal. Leave to appeal was limited to the questions whether defendant had waived the issue and, if so, whether defendant should have been granted leave to amend its an-

swer. We did not grant leave to appeal with regard to the issue concerning the substantive merits of defendant's motion for summary disposition. Second, we would also decline to address the merits of defendant's motion for summary disposition in light of the fact that the trial court itself has not yet addressed the merits of defendant's argument. It would be imprudent for this Court to address the merits of the issue without first affording the trial court an opportunity to do so.

Accordingly, on remand, the trial court shall permit defendant to raise by way of renewal of its motion for summary disposition the issue regarding whether the vehicle involved in the accident was a nonowned car under the insurance policy. If the court concludes that a genuine issue of material fact does exist, it shall further allow defendant to litigate this issue at trial.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.

Murphy, J. (concurring). I concur in the result reached by the majority. I also agree with the reasoning of the majority that the defense that defendant attempted to argue in its motion for summary disposition was not an affirmative defense, and that defendant's answer sufficiently raised the defense, making it unnecessary for defendant to seek leave to amend its answer. Because I do not believe that it is necessary to reach the additional questions discussed by the majority, however, I concur only for the reasons stated herein.