# STATE OF MICHIGAN

# COURT OF APPEALS

PERCY BAKER,

        Plaintiff-Appellant,

and

SYNERGY SPINE AND ORTHOPEDIC
SURGERY CENTER,

        Intervening Plaintiff

v

EDWARD DARRELL MARSHALL, HERTZ
VEHICLES, LLC, ERNEST BRADFIELD, and
KENDRA BRADFIELD

        Defendants,

and

IDS PROPERTY CASUALTY INSURANCE
COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
April 5, 2018

No. 335931
Wayne Circuit Court
LC No. 15-006433-NI

Before: M.J. KELLY, P.J., and JANSEN and METER, JJ.

JANSEN, J. (*dissenting*)

I respectfully dissent. In my view, it was unnecessary for defendant, IDS Property Casualty Insurance Company (IDS), to have pleaded fraud as an affirmative defense, and therefore, the defense has not been waived. On that basis, I would affirm the trial court's grant of summary disposition in favor of IDS.

Contrary to the majority, I find *Stanke v State Farm Mutual Auto Insurance Company*, 200 Mich App 307; 503 NW2d 758 (1993) to be on point and persuasive. Because plaintiff's fraud prevents her from establishing a prima facie case, fraud need not have been pleaded as an affirmative defense. *Stanke*, 200 Mich App at 312. Courts are not bound by what litigants choose to label their motions, complaints, or other pleadings. *Johnston v Livonia*, 177 Mich App

-1-

200, 208; 411 NW2d 41 (1989). Rather, it is our duty to consider the gravamen of the pleading or motion based on a complete reading of the document as a whole. See *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 229; 859 NW2d 723 (2014). Accordingly, although IDS referred to plaintiff's alleged fraud as contractual fraud, it is not. IDS is not arguing that plaintiff committed fraud when obtaining her insurance policy and therefore, an exclusionary clause would render that policy void ab initio. Admittedly, if that were the case, the trial court would have committed error-requiring reversal by granting summary disposition in favor of IDS. See *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 657; 899 NW2d 744 (2017). Rather, the crux of IDS's argument is that plaintiff's injuries are not related to, and actually predate, the underlying accident in this matter, and therefore, plaintiff is not entitled to recover PIP benefits from IDS. IDS does not argue that even if all of plaintiff's claims are taken as true, it is still excused from liability due to plaintiff's contractual fraud, i.e., it has an affirmative defense. Instead, IDS argues that plaintiff is fraudulently misrepresenting the nature and extent of her physical injuries, and therefore, she cannot succeed on her claim because she cannot successfully prove her prima facie case. The majority has overlooked that important distinction.

Based on the foregoing, I would affirm.

/s/ Kathleen Jansen