*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES R. BRADLEY, JR.,

   Plaintiff-Appellant,

v

PRUDENTIAL SECURITY, INC.,

   Defendant-Appellee.

UNPUBLISHED
February 12, 2019

No. 340803
Wayne Circuit Court
LC No. 16-000656-CL

Before: K. F. KELLY, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Plaintiff, James R. Bradley, Jr., appeals as of right the final order of the trial court, challenging the trial court's orders granting summary disposition of plaintiff's complaint in favor of defendant, Prudential Security, Inc., under MCR 2.116(C)(8). We affirm.

## I. FACTS

This case arises from plaintiff's claim that defendant wrongfully terminated his at-will employment in violation of public policy. Plaintiff was employed by defendant to drive a shuttle van transporting employees of AK Steel to and from various work locations and employee parking lots at its steel plant in Dearborn, Michigan. On the day in question, defendant directed plaintiff to drive a van that plaintiff determined would not operate in reverse. Plaintiff refused to drive the van, contending that without the ability to drive in reverse, the vehicle was unsafe. Plaintiff thereafter went home; the parties dispute whether he was sent home by his supervisor or left without permission. Plaintiff was fired the following day.

Plaintiff initially represented himself before the trial court, and filed a complaint and then an amended complaint, alleging wrongful termination. In his subsequent second amended complaint, filed after obtaining counsel, plaintiff alleged that defendant terminated his employment because he refused to perform an unlawful act, being the operation of the malfunctioning van, and that the public policy exception to the at-will employment doctrine prohibits an employer from terminating an employee for refusing to perform an unlawful act. Plaintiff's second amended complaint lists numerous statutes and regulations that he alleges he

would have been forced to violate had he followed defendant's directive to drive the malfunctioning van.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), contending that operating the van without the ability to drive in reverse was not an unlawful act. Plaintiff filed a response to defendant's motion, arguing for the first time that driving the van would have been a violation of the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq*. The trial court granted defendant's motion under MCR 2.116(C)(8) regarding all plaintiff's claims except the MIOSHA allegation, determining that plaintiff had failed to state any claim except the alleged violation of MIOSHA.

Defendant again moved for summary disposition under MCR 2.116(C)(8) and (10), seeking dismissal of plaintiff's MIOSHA claim, and arguing that under MIOSHA plaintiff was limited to administrative remedies. During the hearing on the motion, defendant further argued that plaintiff had not alleged the MIOSHA claim in his second amended complaint, but had raised it for the first time in response to the motion for summary disposition. The trial court granted defendant's motion for summary disposition of the MIOSHA claim, determining that the claim could be pursued only administratively. Plaintiff appeals from the final order of the trial court, challenging both orders granting defendant summary disposition.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant summary disposition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). In doing so, we review the entire record to determine whether the moving party was entitled to summary disposition as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint based upon the pleadings alone. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). A motion under this section is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery. *Maiden*, 461 Mich at 120.

### B. PUBLIC POLICY EXCEPTION

Plaintiff first contends that the trial court erred in dismissing the non-MIOSHA allegations of his complaint under MCR 2.116(C)(8). Plaintiff argues that he stated a valid claim that defendant wrongfully discharged him in violation of public policy. We disagree.

Under MCR 2.111(B)(1), a plaintiff is required to plead factual allegations sufficient to reasonably inform an adverse party of the nature of the claim against which the party must defend. *Kloian v Schwartz*, 272 Mich App 232, 240; 725 NW2d 671 (2006). "[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). For purposes of a motion for summary disposition under MCR 2.116(C)(8), we accept all well-pleaded factual allegations as true and construe them in a light most favorable to the nonmoving party. *Maiden*, 461 Mich at

-2-

120. However, conclusory statements, unsupported by the allegations of fact on which they are based, are not sufficient to state a cause of action. *Michigan ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). Further, a legal conclusion is not sufficient to state a cause of action. See *Capitol Props Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 426; 770 NW2d 105 (2009). Where a plaintiff's claim rests upon a legal conclusion, summary disposition is properly granted under MCR 2.116(C)(8). See *id.*

In this case, plaintiff alleges that defendant wrongfully terminated his at-will employment. In general, an at-will employment is terminable at will, with or without cause. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 451; 750 NW2d 615 (2008). An exception to the at-will employment doctrine exists "based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable." *Suchodolski v Mich Consol Gas Co*, 412 Mich 692, 695; 316 NW2d 710 (1982). Three grounds have been recognized in Michigan as so violative of public policy that they serve as exceptions to the general rule of at-will employment. Those grounds are:

> (1) [E]xplicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty (e.g., the Civil Rights Act, MCL 37.2701; the Whistleblowers' Protection Act, MCL 15.362; the Persons With Disabilities Civil Rights Act, MCL 37.1602), (2) where the alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course of employment (e.g., refusal to falsify pollution reports; refusal to give false testimony before a legislative committee; refusal to participate in a price-fixing scheme), and (3) where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment (e.g., retaliation for filing workers' compensation claims). [*Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 524; 854 NW2d 152 (2014).]

Although plaintiff's complaint is not entirely clear,[1] plaintiff appears to allege that by directing him to operate the malfunctioning vehicle, defendant was directing him to violate certain statutes and regulations. Plaintiff uses what might be termed a "shotgun approach" in his complaint, suggesting a variety of alleged statutory violations, without providing factual support for those theories. Plaintiff's complaint identifies the following statutes and regulations: 49 CFR Chapter III, Subchapter B – Federal Motor Carrier Safety Regulations; 49 CFR 396.3; 49 CFR 396.7; 49 CFR 396.11; 49 CFR 396.13; Motor Carrier Safety Act of 1963, 1963 PA 181; MCL 480.11a; MCL 480.17b; MCL 480.17d; Michigan Vehicle Code, 1949 PA 300; MCL 257.715; MCL 257.715a; MCL 257.683 to MCL 257.711, and "additional federal laws, state laws, federal

---

[1] Plaintiff's complaint alleges that defendant fired him because he refused to violate public policy and in doing so, defendant violated the public policy of the numerous statutes and regulations listed. The correct assertion of plaintiff's argument, however, is that *defendant* allegedly violated public policy by firing plaintiff because *plaintiff* refused to violate the numerous statutes.

regulations, state regulations and local ordinances, the applicability of which may become known following discovery in this matter." These statutes and regulations can be grouped generally into two categories, those relating to the Michigan Vehicle Code, MCL 257.1 *et seq.*, and those related to the Motor Carrier Safety Act of 1963, MCL 480.11 *et seq.*

## 1. MICHIGAN VEHICLE CODE

Plaintiff's second amended complaint identifies sections of the Michigan Vehicle Code that he contends would have been violated had he driven the malfunctioning vehicle, specifically, MCL 257.683 to MCL 257.711, MCL 257.715; and MCL 257.715a. Plaintiff's complaint merely lists these statutes, however, and does not allege facts to support the contention that these sections would have been violated if he had driven the van that day. MCL 257.683 provides, in pertinent part,

> (1) A person shall not drive or move or the owner shall not cause or knowingly permit to be driven or moved on a highway a vehicle or combination of vehicles that is in such an unsafe condition as to endanger a person, or that does not contain those parts or is not at all times equipped with lamps and other equipment in proper condition and adjustment as required in sections 683 to 711 [MCL 257.683 to MCL 257.711], or that is equipped in a manner in violation of sections 683 to 711. A person shall not do an act forbidden or fail to perform an act required under sections 683 to 711. [MCL 257.683(1).]

The latter portion of MCL 257.683(1) refers to the equipment provisions of MCL 257.683 through MCL 257.711. Plaintiff does not allege that any of those provisions are applicable to a malfunctioning transmission. Plaintiff argues, however, that the first sentence of MCL 257.683(1) prohibits individuals from knowingly driving vehicles on a "highway" that are "in such an unsafe condition as to endanger a person." The Michigan Vehicle Code defines "highway" to mean "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." MCL 257.20.

In his complaint, however, plaintiff does not allege facts sufficient to demonstrate that defendant directed him to drive the vehicle on a "highway." Before the trial court, plaintiff argued that he believed that portions of his travel on the day in question would have taken him on roads open for public use. But plaintiff did not identify the route he would have traveled in his job, whether he was required by defendant to follow a particular route, and what aspects of those roads support the legal conclusion that they meet the statutory definition of highway. In addition, although plaintiff's complaint alleges that the van would not drive in reverse, plaintiff's complaint does not allege facts sufficient to establish that the van was in such an unsafe condition as to endanger a person. Without supporting facts, plaintiff's assertions are conclusory statements not sufficient to state a cause of action, *Gurganus*, 496 Mich at 63, and also present legal conclusions not sufficient to state a cause of action. *Capitol Props Group*, 283 Mich App at 426. Thus, the trial court did not err in determining that plaintiff failed to state a claim that driving the van would have caused plaintiff to violate MCL 257.683 to MCL 257.711.

Plaintiff's complaint also alleges that driving the malfunctioning van would have caused him to violate MCL 257.715, which provides, in pertinent part:

(1) Equipment on motor vehicles as required under this act shall be maintained as provided in this act. A uniformed police officer may on reasonable grounds shown stop a motor vehicle to inspect the vehicle, and if any defects in equipment are found, issue an appropriate citation under section 728 or 742 [MCL 257.728 or MCL 257.742] to the driver and order the driver to have the defect or defects repaired immediately. . . . [MCL 257.715(1).]

MCL 257.684 through MCL 257.711 outline the type of equipment required to be maintained on a vehicle, including head lamps, rear lamps, other necessary forms of lighting, functioning brakes, exhaust systems, mufflers, windshields, and bumpers. Plaintiff's complaint does not identify any provision in the Michigan Vehicle Code that provides that a defective transmission or general inability to drive backwards comes under the purview of defective "equipment" for the purposes of MCL 257.715. Thus, the trial court did not err in determining that plaintiff failed to state a claim that driving the van would have caused plaintiff to violate MCL 257.715. Similarly, the trial court did not err in determining that MCL 257.715a, also identified in plaintiff's complaint, was inapplicable, because it relates to school buses and other vehicles used by nonpublic schools and nonprofit organizations.

## 2. THE MOTOR CARRIER SAFETY ACT

Plaintiff's complaint also alleges that driving the malfunctioning vehicle would have violated the Motor Carrier Safety Act, and specifically, MCL 480.11a, MCL 480.17b, and MCL 480.17d. MCL 480.17b provides:

(1) A driver, person, or motor carrier as defined by 49 CFR 390.5 who operates or who requires or permits the driver to operate a commercial motor vehicle with a serious safety defect in violation of this act or a rule promulgated under this act is responsible for a state civil infraction and shall be assessed a fine of not more than $500.00 for each violation. . . .

(2) As used in this section, "serious safety defect" means a violation of this act or a rule promulgated pursuant to this act relative to brakes, tires, steering, coupling devices, headlights, taillights, brake lights, and turn signals that results in the vehicle being placed out of service.

To allege a violation of MCL 480.17b, a "serious safety defect" must be alleged, which entails alleging a violation of the act or a rule promulgated pursuant to the act "*relative to brakes, tires, steering, coupling devices, headlights, taillights, brake lights, and turn signals* that results in the vehicle being placed out of service" (emphasis added). Plaintiff's complaint does not allege any such defect, and therefore fails to set forth a prima facie case sufficient to withstand summary disposition of the claim that driving the vehicle would have required him to violate MCL 480.17b.

Plaintiff's complaint also identifies MCL 480.11a and MCL 480.17d as statutes that would have been violated had he driven the van as directed. MCL 480.11a adopts a number of

federal regulations into Michigan law; plaintiff's complaint does not set forth any facts to demonstrate how this section would have been violated had he driven the van. Similarly, MCL 480.17d defines a number of terms, and directs the motor carrier division to issue a compliance order "[u]pon determination that the continued operation of commercial motor vehicles by a person upon the highways of this state poses an unreasonable risk or an imminent hazard to the public safety." MCL 480.17d(2). Again, plaintiff's complaint does not allege facts to demonstrate that he would have violated this statute by driving the malfunctioning van. Merely to allege that driving a vehicle that will not operate in reverse "poses an unreasonable risk or an imminent hazard to the public safety" is a legal conclusion that will not suffice to survive summary disposition.

Plaintiff's complaint also lists several federal regulations, being 49 CFR 396.3; 49 CFR 396.7; 49 CFR 396.11; 49 CFR 396.13. Plaintiff's complaint, however, fails to allege facts to demonstrate that his driving the van would have violated these provisions. Again, it is not sufficient to list statutes and regulations that might have been violated; plaintiff was obligated to set forth the facts of this case that he contends demonstrate the violation alleged. The trial court therefore did not err in determining that plaintiff failed to state a claim that driving the van would have caused plaintiff to violate either the Motor Carrier Safety Act or the federal regulations plaintiff cited in his complaint.

## C. MIOSHA

Plaintiff lastly contends that the trial court erred in granting defendant summary disposition of his claim under MIOSHA. We disagree.

Michigan is a notice pleading state. *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011). As noted, MCR 2.111(B)(1) requires that the complaint set forth "specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" And although we will "look beyond mere procedural labels and read the complaint as a whole when ascertaining the exact nature of the plaintiff's claims," *Johnson*, 292 Mich App at 368, a complaint must provide reasonable notice to the opposing party, which is necessary to avoid ambiguous and uninformative pleading. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992). The complaint must not leave a defendant "to guess upon what grounds plaintiff believes recovery is justified," because such pleading "violates basic notions of fair play and substantial justice." *Id*.

In this case, plaintiff's MIOSHA claim was not alleged in his second amended complaint. Rather, in his response to defendant's initial motion for summary disposition, plaintiff argued for the first time that driving the van would have been a violation of MIOSHA. Defendant then moved for summary disposition of the MIOSHA claim, arguing that plaintiff was limited by the act to administrative remedies. Defendant also argued that plaintiff had not alleged the MIOSHA claim in his complaint.

MCR 2.118(C)(1) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings. In that

case, amendment of the pleadings to conform to the evidence and to raise those issues may be made on motion of a party at any time, even after judgment.

Amendment of the pleadings to conform to the evidence under MCR 2.118(C)(1) is "liberal and permissive." *Zdrojewski v Murphy*, 254 Mich App 50, 61; 657 NW2d 721 (2003). "The only requirement is that the party seeking amendment move to have the court amend the pleadings." *Id*. In this case, however, a review of the record indicates that plaintiff did not move to amend the pleadings to conform to his newly-raised MIOSHA argument. And although a party may impliedly consent to the adjudication of an issue by failing to object to the issue before the trial court, *id*., here, defendant argued before the trial court that plaintiff had not raised the MIOSHA claim in his complaint. We therefore conclude that the trial court did not err in granting summary disposition of this alleged claim.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan
/s/ Michael F. Gadola