*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

TIMOTHY MCALLISTER,

              Plaintiff-Appellant,

v

MIKE VUICH, III, BPD PAVING SERVICES, INC., LONNIE HAVERCAMP, and VAN HORN BROS, INC.,

              Defendants,

and

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

              Defendant-Appellee.

UNPUBLISHED
March 19, 2019

No. 339877
Macomb Circuit Court
LC No. 2015-002875-NI

---

Before: SHAPIRO, P.J., and SERVITTO and GADOLA, JJ.

SHAPIRO, P.J. (*dissenting*).

I respectfully dissent. This case should be remanded for consideration under MCR 2.111(F)(3)(c), which provides in relevant part:

> Under a separate and distinct heading, a party must state the facts constituting

> \* \* \*

> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

-1-

The accident in which plaintiff was injured occurred on November 20, 2014, and plaintiff thereafter filed a claim for personal protection insurance (PIP) benefits with defendant Liberty Mutual Fire Insurance Company (Liberty). Liberty accepted the claim and paid PIP benefits in the amount of approximately $162,000. The record does not provide information as to when, how and on what basis Liberty declined to continue coverage. On August 11, 2015, plaintiff sued for payment of PIP benefits.

On November 20, 2015, the one-year anniversary of the accident, i.e., the last date for them to do so, Liberty filed suit against Secura Insurance (Secura) and Westfield Insurance (Westfield). Liberty claimed that either Secura or Westfield, rather than Liberty, was the insurer that owed PIP coverage to plaintiff. Liberty prevailed on a motion for summary disposition and Secura or Westfield or both have reimbursed Liberty. For reasons the record does not reveal, plaintiff was not named as a party in that suit and it is unclear whether, when and how he was notified of that suit and its outcome. The record also does not indicate whether plaintiff asserts a continuing need for coverage and whether or not Secura or Westfield has agreed to provide that coverage.

Unless plaintiff and his counsel knew that Liberty had sued Secura and Westfield and prevailed, they had no basis to expect that Liberty would claim that it was not the insurer of highest priority, particularly in light of the fact that it had already paid $162,000 without asserting that another insurer should be paying. Moreover, Liberty did not assert a priority defense until 14 months after filing its answer to plaintiff's complaint. In that setting, the defense would be likely to take plaintiff by surprise and MCR 2.111(F)(3)(c) would be implicated. Whether Liberty should have been permitted to amend its answer so as to assert this defense would have turned on the existence of prejudice to plaintiff, i.e., whether his potential claim for PIP benefits against Secura or Westfield had been lost or limited as a result of delay. *Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997) ("[A] court may deny a motion to amend if the delay was in bad faith or if the opposing party suffered actual prejudice as a result."). Given the inadequate record before us, I would remand to the trial court to make the necessary findings and determine whether Liberty waived the defense pursuant to MCR 2.111(F)(3)(c).

As to the other grounds, I agree that we are bound by *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307; 503 NW2d 758 (1993), though in my view that case was poorly reasoned and wrongly decided. The *Stanke* Court seems to have completely ignored the text of MCR 2.111(F)(2), which provides in the plainest of terms:

> A party against whom a cause of action has been asserted by complaint . . . *must* assert in a responsive pleading *the defenses the party has* against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived . . . . [Emphasis added.]

The language of the rule makes it mandatory ("must") for a defendant to assert "the defenses the party has against the claim." The text does not limit the requirement to affirmative defenses which are covered separately by MCR 2.111(F)(3)(a) and (b).

The purpose of requiring notification of defenses early in the case (or later by motion if a new defense arises) is simply to allow a plaintiff notice of what will be contested in the case. *Stanke* suggests that any matter that a plaintiff may have to prove at trial is one that defendant need not give notice of because it is part of the "prima facie case." See *id*. at 315-316, 318 n 3. But prima facie proofs vary fundamentally from case to case depending on what the defenses are. For example, in a contract case if the only dispute is whether a breach occurred, a plaintiff is unlikely to present evidence of offer and acceptance.

When a party is informed of what will be at issue then it can conduct focused discovery and prepare to present proofs on that issue at trial. *Stanke's* approach, if applied to a complaint rather than an answer, would permit plaintiffs to allege that a defendant's premises were unsafe without identifying the hazard or that a doctor committed malpractice without stating how. According to *Stanke*, the premises owner should be prepared to show that there were no hazards anywhere in his home and the doctor prepared to justify every action she ever took in relation to the patient. By the same token, unless a plaintiff is notified of what issues will be contested at trial there is no way for him to know if a defendant-insurance company is denying coverage because (a) the relevant vehicle was not involved in the accident; (b) the vehicle was not covered by a policy; (c) no accident occurred; (d) no injuries occurred; (e) the injuries were not caused by the accident; (f) the claimed medical care was not necessary; (g) the price of the care was not reasonable and customary; or (h) the plaintiff was not a resident relative of the policy holder. Of course, there are many other possible defenses.

Litigation should not be a game of "gotcha." Accordingly, if a defendant fails to list a defense, it should be allowed to amend unless it would be futile or the delay has been prejudicial. By the same token, a defendant should not be permitted to withhold notice of a defense and then after discovery, file a motion to dismiss based upon it. Plaintiff is entitled to have an opportunity to fully discover and respond to those defenses. *Stanke's* conclusion that the defense may play "gotcha" plainly ignores the explicit language of MCR 2.111(F)(2) and the reality of litigation. It should be revisited and either overruled by the Supreme Court or by a conflict panel of this Court.

Setting aside the questions concerning *Stanke*, this case should be remanded for the trial court to determine, after making the relevant factual findings, whether Liberty's priority defense was one "that, if not raised in the pleading, would be likely to take the adverse party by surprise." If the court finds this to be the case, it should then determine if defendant's violation of MCR 2.111(F)(3)(c) resulted in prejudice to plaintiff. If prejudice resulted then the grant of summary disposition should be set aside and the defense barred.

/s/ Douglas B. Shapiro