*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DWANITA MCDADE,

        Plaintiff-Appellant,

v

PROGRESSIVE INSURANCE COMPANY, and
PROGRESSIVE DIRECT INSURANCE
COMPANY,

        Defendants,

and

PROGRESSIVE UNIVERSAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
December 26, 2019

No. 345179
Wayne Circuit Court
LC No. 18-004003-NF

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals the order granting summary disposition to defendant Progressive Universal Insurance Company ("defendant") in this first-party no-fault action, MCL 500.3101 *et seq*. We reverse and remand for further proceedings consistent with this opinion.

Plaintiff, an Illinois resident, was injured in a motor vehicle accident in Michigan. She made a claim with her Illinois auto insurer for no-fault benefits. Her insurer did not provide the benefits nor issue a denial. After several months, therefore, she sued for no-fault benefits and named Progressive Insurance Company, Progressive Direct Insurance Company and Progressive

-1-

Universal Insurance Company ("Progressive Universal") as defendants.[1] Her complaint alleged that she owned a vehicle insured by one or more of the defendants and that she was entitled to Michigan no-fault benefits pursuant to the policy. In response to these (and virtually all other) allegations in the complaint, defendant answered that it "lacks knowledge or information sufficient to form a belief as to the truth of the allegation."

Along with its answer defendant served requests for admission on plaintiff seeking information regarding the extent of plaintiff's wage loss, attendant care, replacement services and medical mileage as well as the existence of any assignments relevant to plaintiff's claim. The request for admissions did not seek admissions regarding the policy or whether defendant is responsible to pay Michigan personal protection insurance (PIP) benefits under its policy.

One month after filing its answers and affirmative defenses, defendant filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) asserting that it is not certified in Michigan under MCL 500.3163 and so has no duty to pay PIP benefits to plaintiff. Plaintiff argued below and on appeal that the defense on which the motion relied, i.e., non-certification in Michigan, had been waived because it had not been set forth in defendant's answer or affirmative defenses.

> MCR 2.111(F)(2) provides:
> A party against whom a cause of action has been asserted by complaint must assert in a responsive pleading the defenses the party has against the claim. *A defense not asserted* in the responsive pleading or by motion as provided by these rules *is waived* . . . . [Emphasis added.]

In addition to affirmatives defenses enumerated in MCR 2.111(F)(3)(a), the defendant must affirmatively state in the responsive pleading "a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part," MCR 2.111(F)(3)(b), or provides "a ground of defense that, if not, raised in the pleading, would be likely to take the adverse party by surprise," MCR 2.111(F)(3)(c). " '[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position.' " *Baker v Marshall*, 323 Mich App 590, 595; 919 NW2d 407 (2018), quoting *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 318; 503 NW2d 758 (1993).

Defendant argues that two of its listed defenses preserved the relevant defense. The listed defenses were "failure to state a claim" and reliance on "the terms, covenants, conditions or immunities in the policy of insurance." However, neither of these listed defenses provides sufficient notice so that the opposing party may take a responsive position; such omnibus defenses could encompass virtually any specific defense later claimed.

---

[1] One week after Progressive Universal's answer, plaintiff, based on representations of defense counsel that the proper defendant was Progressive Universal, dismissed the other two defendants.

Accordingly, the trial court erred by concluding that the basis for the summary disposition motion had been preserved. Moreover, the motion was filed under MCR 2.116(C)(8) which may only be granted if the complaint, on its face, fails to set forth a cause of action. See *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Here, the complaint did set forth a cause of action. The trial court's order stated that the dismissal was granted pursuant to MCR 2.116(C)(10) (no genuine issue of material fact), but defendant's motion expressly sought summary disposition under MCR 2.116(C)(8).

We agree with defendant that if it is not certified in Michigan it is not legally responsible to provide plaintiff with PIP benefits. See MCL 500.3113(c), as amended by 2017 PA 346.[2] However, in order to bring a motion based on this defense, it must seek to amend its defenses and, if granted leave to do so, bring a motion under MCR 2.116(C)(10) since a dismissal based on this defense requires that the court determine whether there is a factual question. And absent a stipulation that defendant is not certified in Michigan, it must allow plaintiff to conduct discovery on that question before considering the motion.

Accordingly, we reverse the grant of summary disposition and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

---

[2] MCL 500.3113 was amended effective June 11, 2019. 2019 PA 21. The former version was in effect at all times relevant to this appeal.